UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT WILLIAMS,<br><br>            Plaintiff,<br><br>   v.<br><br>PARALEGAL LEEFLANG, ROBBERT WHEILER, WARDEN RICHARDSON, D.W. MARTINEZ, CAPTAIN HUST, LT. GIBNEY, A. HOTTINGER, and LT SEGADELLI,<br><br>            Defendants. | Case No. 1:22-cv-00052-DCN<br><br>**SUCCESSIVE REVIEW ORDER AND RULING ON ALL PENDING MOTIONS BY SCREENING JUDGE** |

Having reviewed Plaintiff's filings in this case, the Court issues the following rulings.

## PLAINTIFF'S MOTIONS

Plaintiff filed a "Motion for a Final Dispositive Ruling." Dkt. 27. He states: "Plaintiff believing there is no deficiencies to cure in his amended complaint, Dkt. 10, believes the best course of action is that the court immediately dismiss without prejudice in order that he can file an immediate appeal." Dkt. 27, p. 1 (verbatim). Then he changed his mind and filed a Second Amended Complaint (Dkt. 35) and then a Revised Second Amended Complaint (Dkt. 50). The motion will be denied as moot.

Plaintiff has filed all of the following motions to obtain a copy of his court filings: a Motion for the Court Provide a Copy of Latest Filings of Plaintiffs (Dkt. 29), a "Motion

that the Court Provide Plaintiff with a Copy of Second Amended Complaint Without Cost to Plaintiff" (Dkt. 36), and two "Motion[s] to Compel IDOC to Provide Plaintiff with Copies of Pleading." (Dkts. 42, 44). Plaintiff does not have "copies" of his filings because he is bypassing the e-filing system.

The e-filing system is designed to eliminate the expense and effort of copying. Plaintiff cannot continue to insist that he receive "copies" or that he receive them via a means other than institutional mail when the e-filing procedures require that he accept the original back instead of a copy and the prison procedure or custom specifies that institutional mail is the designated means to return e-filed documents. The United States Court of Appeals for the Ninth Circuit has denied his Motion to require new e-filing protocols (which include the non-copying protocols). See Dkt. 43.

Here, Plaintiff must make a choice. He can choose to hand-copy his filings and submit them by mail if he insists on bypassing the e-filing system (as Judge Winmill has suggested), or he can use the e-filing system, whereupon he will receive his original back by institutional mail, and if he does not, in that instance, he can ask the Court for a copy of his original that was e-filed. This motion will be denied.

### REVIEW OF REVISED SECOND AMENDED COMPLAINT

The Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 &

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

SUCCESSIVE REVIEW ORDER AND RULING ON ALL PENDING MOTIONS BY SCREENING JUDGE - 2

1915A. The Court already has screened Plaintiff's pleadings once and given him instructions on how to state a claim.

Plaintiff filed via mail a 72-page Revised Second Amended Complaint that is very much like the original complaint in content, only with more narration, more argument, and more unnecessary musings. Plaintiff's lawsuit is three and a half times the size of an acceptable pleading. See General Order 342 (In re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program, specifying that a complaint must be no longer than 20 pages in length). For no adequate reason, Plaintiff has bypassed the mandatory e-filing procedures at his prison facility and mailed his complaint. The improper length of his complaint, the inclusion of unrelated claims, the excessive number of filings, the included claims that overlap with claims brought in other pending federal court actions, the bypassing of the e-filing system all place an unnecessary burden on court staff and resources. There is no doubt from the "he said, she said" stories included in Plaintiff's pleadings that he also causes an unnecessary burden on prison staff by constantly arguing with them about copying and filing procedures and now insisting that he has the right to conduct cell side "access to the courts" business in the nude.

Nevertheless, the government, through its human actors, attempts to do what it can to ensure that Plaintiff has the constitutional rights to which he is entitled. Because the fourth amended complaint contains much unnecessary verbiage and is too unwieldly for this Court to review, the Court will require Plaintiff to separate his pleadings into several separate complaints against individual defendants for further screening and severance.

The Court has the authority to seek additional information from the parties to assess Plaintiff's claims during the screening process. For example, the Court may exercise its discretion to require the plaintiff to answer questions about his factual allegations to determine whether the pleading states a claim. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976). In addition, the court's power to order severance of claims "rests within [its] broad discretion … as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978). When the amended and new complaints are filed, the Court will determine whether any of the complaints should be severed and/or joined with other cases Plaintiff has filed.

Plaintiff complains that the Court has not specifically reviewed his claims under both the First Amendment and the Fourteenth Amendment. In his amendments, Plaintiff must clarify each of these claims legally and factually to enable the Court to review his distinct claims. That is, Plaintiff shall have the responsibility of setting forth his First Amendment claims in one section of each complaint stating the facts that meet the elements of such a claim, and then setting forth his Fourteenth Amendment claims in another section, setting forth the facts that meet the elements of that distinct claim.

1. **Separate Complaint Required: policy-based permanent injunctive relief claims against the warden in his official capacity**

Under the First Amendment, prisoners have a right to access the courts for the purpose of filing of direct criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 346, 354 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained"

(forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

To state a forward-looking access to courts claims, the plaintiff must allege facts showing that a prison employee's action is presently denying the plaintiff an opportunity to litigate. *Id*. at 413. This type of claims does not mean that "the opportunity has … been lost for all time … but only in the short term." *Id*. A forward-looking claim is expressly for the purpose of plac[ing] the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id*. at 413.

To state a backward-looking access to courts claim alleging that a prisoner suffered the loss of a suit that cannot now be brought, a prisoner must allege facts supporting three elements: (1) official acts that frustrated the inmate's litigation; (2) loss of a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) specific allegations showing that remedy sought in the access to courts claim is not otherwise available in a suit that could be brought. *Id*. at 415-17.

Despite the Court's explanation to Plaintiff that the following types of claims do not state a claim upon which relief can be granted, if Plaintiff decides he can properly bring a claim that his constitutional rights are being violated by employees in any of the following ways, he must do so in a separate amended complaint naming the warden as a defendant and suing for permanent injunctive relief to be free from any of the following policies or customs of the IDOC, its supervisors, or its employees: (1) keeping copies of Plaintiff's

submitted documents in a prison legal office file to guard against Plaintiff's assertions that the documents may become lost or at issue in a dispute between Plaintiff and the IDOC or its employee(s); (2) sending legal documents to prisoners using institutional mail; (3) using the prison's current system of legal mail copying; (4) using the prison's current system of e-filing and returning originals rather than providing copies of originals; or (5) having a custom of not following written IDOC policies.

For each instance of access to courts loss, Plaintiff must clarify in his amendment whether (1) prison employees are "constructively refusing to copy" Plaintiff's legal papers, which means that he is refusing to place his original legal papers in their hands because he believes that the manner in which the employee would choose to handle legal documents would be so unreliable, with a very real chance the documents will be lost or first given to another inmate, that the access to courts system is unusable and a constructive or qualified refusal (see Dkt. 10, p. 2); or (2) whether he is not receiving copies of his filings because he has refused to use the e-filing system which, instead of using copies, provides for return of the original filings via institutional mail to plaintiffs after e-filing, and his refusal is based on his belief that the manner in which the employee would choose to handle legal documents would be so unreliable, with a very real chance the documents will be lost or first given to another inmate, that the access to courts system is unusable and a constructive or qualified refusal.

Plaintiff must designate his allegations of harm from application of these policies to him in two categories. One may be a forward-looking claim that he is simply being

thwarted in his access to courts activities; the other may be a backward-looking claim that contains a description of each document that Plaintiff submitted that was forever lost (and the date of loss) or that he decided he would not submit because he feared losing the document (and the date of his decision).

### 2. Separate Complaint Required: claims that IDOC personnel refuse to accept access to courts documents from Plaintiff when he is naked

If Plaintiff desires to bring a claim that Paisley Holmes, Sandi Frelly, and/or other IDOC employees will not provide any legal service required at cell side while Plaintiff is unclothed, he must do so in a separate new lawsuit. This claim raises an issue that is different from other access to courts issues set forth in the Revised Second Amended Complaint.

### 3. Separate Complaint Required: claim that Sergeant Segadelli retaliated against Plaintiff

Plaintiff alleges that he brought his copying issues to the attention of Lieutenant Segadelli for a resolution. However, Segadelli allegedly threatened him, refused to accept and process his grievances, and retaliated against him. Plaintiff shall file a separate complaint stating sufficient facts to support each of these claims. He shall attach copies of his grievances to his complaint or write out the content and responses of the grievances, not for exhaustion of remedies screening (which is improper), but to explain the content of his grievances to determine whether he has stated a retaliation claim. Plaintiff previously has been provided with the standards of law governing retaliation claims.

If Plaintiff believes he has a "right to petition" claim that is a different cause of

action from his retaliation claim, he must so state, providing the elements of the cause of action and facts supporting the elements. If Plaintiff desires to state a separate First Amendment claim, distinguished from a Fourteenth Amendment claim, he must designate each separately, as explained above.

### 4. Joining claims to similar claims in Case 346 and Potential Separate Complaint Required: access to courts claims

In his Revised Second Amended Complaint, Plaintiff asserts that he lost his direct appeal, post-conviction action, and federal habeas corpus claims as a result of access to court violations. The Court notes that Plaintiff currently has a case pending before Judge Winmill in which he has alleged that the loss of these cases and claims was caused by his placement or retention in a suicide watch unit. See *Williams v. Atencio*, Case No. 1:22-cv-00346-BLW ("Case 346")

It is improper for Plaintiff to maintain two different lawsuits to recover for the same losses. If Plaintiff is to bring any claim that IDOC employees' actions caused him to lose claims affecting his criminal convictions and sentences, then, if appropriate,[2] he must bring those claims in Case 346, not here.

If Plaintiff desires to pursue a claim that IDOC employees' actions caused the loss

---

[2] A § 1983 access to the courts claim must be filed within two years of when it accrues if it does not implicate the invalidity of a criminal conviction or sentence. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the rule was established that a civil rights claim is barred if its success "would necessarily imply the invalidity of [a] conviction or sentence." *Id*. at 487. Before a plaintiff can bring a civil rights claim that would imply the invalidity of a conviction or sentence, the plaintiff must show that the conviction or sentence previously was invalidated in a procedurally proper action, such as a direct appeal, state post-conviction matter, or federal habeas corpus case. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). If the invalidation pre-requisite is not met, the civil rights claim is not ripe. *See Heck*, 512 U.S. at 489; *Harvey v. Waldron*, 210 F.3d 1008, 1015-16 (9th Cir. 2000).

of civil rights claims in Case No. 1:16-00143-DCN, *Williams v. Fox*, and he believes it is procedurally proper to do so, then then all of his allegations regarding that loss must be made in an entirely new case, not this case or Case 346. Whether Plaintiff files a new complaint to pursue these access to courts claims is dependent upon his decision that he can state claims upon which relief can be granted and that the actions are procedurally proper.

### 5. Separate Complaint Required: Claims that IDOC employees violated his access to the courts rights

If Plaintiff desires to pursue individual claims and they do not arise from "constructive" refusals as described above, he will be required to file a separate amended complaint against each of the following individual Defendants: Tia Leeflang, Robert Wheiler, Warden Richardson, D.W. Martinez, Captain Hust, Lt. Gibney, Clinton Hust, Sandi Frelly, and A Hottinger.

To facilitate screening, Plaintiff will be ordered to simplify his claims and omit extraneous verbiage not essential to whether he has stated a claim. Each of these amended complaints shall contain no background information about what any other person (for example, a supervisor or Plaintiff) said or argued to the particular defendant about how to perform access to courts functions of any kind or about how Plaintiff was to receive his copies back after copying and/or e-filing, with the exception of 5(c) below. Each amended complaint shall not contain any allegations that the individual defendant agreed to handle Plaintiff's documents or filings in any particular way and then did or did not follow that agreement; rather, Plaintiff must focus on only essential facts supporting the constitutional

SUCCESSIVE REVIEW ORDER AND RULING ON ALL PENDING MOTIONS BY SCREENING JUDGE - 9

standards that make the particular defendant's actions wrongful. Each amended complaint shall not contain any allegations that the individual defendant violated IDOC policy in the way they decided to handle Plaintiff's documents or filings—those claims belong in the IDOC policy complaint described above; rather, Plaintiff must focus on only essential facts supporting the constitutional standards that make the particular defendant's actions wrongful. Plaintiff shall not include any allegations of any kind that occurred before August 2020. Plaintiff shall not include any "constructive" or "qualified" refusals of defendants in these actions; those must be included in the policy-based claims as set forth above.

For each access to courts violation (each document Plaintiff actually tried to submit or did in fact submit), in addition to any other facts necessary to support the elements of the claim, the pleading shall state:

   a. The date Plaintiff presented a proposed filing to a defendant and what service he presented the proposed filing for, e.g., copying and/or e-filing.

   b. The title and a description of the proposed filing.

   c. Whether the defendant accepted the document or did not accept the document and any reason given by the defendant for the chosen action.

   d. What harm Plaintiff suffered as a result of not having the document copied or e-filed, except that any claim that Plaintiff lost his direct appeal, post-conviction action, federal habeas case, or civil rights claims must be filed in a separate action.

### SEALING OF DOCUMENTS IN COURT ACTIONS

The public has a recognized right to inspect and copy public records and documents, including those filed with the courts. *United States v. Doe*, 870 F.3d 991, 996-97 (9th Cir.

20017); *Kemakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).When a plaintiff puts their health at issue by filing a lawsuit, that does not give the plaintiff grounds to have the entire case sealed. *Gable v. Washington Corr. Ctr. for Women*, No. 3:18-CV-05266-RBL-TLF, 2018 WL 5295809, at *2 (W.D. Wash. Oct. 25, 2018). In such cases, consistent with the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. 104-191 (1996) (regulating use and disclosure of "Protected Health Information"), courts regularly seal from public view a plaintiff's medical and mental health records *Aguilar v. Koehn*, No. 3:16-CV-0529-MMD-CBC, 2018 WL 4839021, at 2 (D. Nev. Oct. 4, 2018).

Plaintiff has filed several documents under seal without leave of court to do so. Consistent with the law cited above, in this case, only medical and mental health records should be sealed in Plaintiff's cases, unless a party obtains leave of court to do so (for example, when defendants file prison records that may contain security information). The Clerk of Court will be ordered to unseal everything in this case except medical and mental health records.

**ORDER**

1. Plaintiff's Motion to Rule on Long Pending Motion for Emergency Injunctive Relief" (Dkt. 26) is DENIED as MOOT, as it was filed just after the Court denied the emergency motion.

2. Plaintiff's "Motion for a Final Dispositive Ruling (Dkt. 27) is DENIED as MOOT.

3. Plaintiff's Motion for the Court Provide a Copy of Latest Filings of Plaintiffs (Dkt. 29),

Motion for Copy of Second Amended Complaint (Dkt. 36), and Motion to Compel IDOC to Provide Plaintiff with Copies of Pleadings (Dkts. 42, 44) are DENIED without prejudice.

4. Plaintiff's Motions regarding his Second Amended Complaint (Dkts. 34, 37) are DENEID as MOOT, as a result of the Revised Second Amended Complaint.

5. Plaintiff's Motion or Inventory of Plaintiffs Request Record on Appeal and what the Clerk Did Order-Expedited Request-Preliminary Injunction Appeal (Dkt. 38) is DENIED as MOOT, as the appeal has concluded.

6. Plaintiff's Sealed Motion (Dkt 45) duplicates the subject matter of his previous such Motion for Emergency Injunctive Relief (Dkt. 8), and is DENIED.

7. Plaintiff's Motions For an Immediate Ruling on Plaintiff's Emergency Injunctive Motion by Plaintiff (Dkts. 46, 49) are DENIED.

8. There is no need for Plaintiff's Motion or Complaint to be sealed. The Clerk of Court shall unseal Docket Nos. 45 and 49.

9. Plaintiff's complaints are limited to 20 pages each. They may be filed in this action (except those claims regarding loss of his direct appeal, post-conviction action, federal habeas action, or civil rights claims). Plaintiff will not have to pay an additional filing fee for complaints filed in this action, and he may use the original filing date for statute of limitations purposes for any later-filed claims that related back to or were first filed in the original pleading.

10. Plaintiff's Motion to Review Superseding Second Amended Complaint (Dkt. 51) is GRANTED to the extent that it has been reviewed and Plaintiff cannot proceed on it but must submit further amendments and new complaints if he desires to proceed.

11. Failure to follow the Court's Orders may result in dismissal of any or all of Plaintiff's claims under Federal Rule of Civil Procedure 41, without further notice to Plaintiff.

DATED: March 16, 2023

_____
David C. Nye
Chief U.S. District Court Judge