UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT WILLIAMS,<br><br>               Plaintiff,<br><br>v.<br><br>PARALEGAL LEEFLANG, ROBBERT WHEILER, WARDEN RICHARDSON, D.W. MARTINEZ, CAPTAIN HUST, LT. GIBNEY, A. HOTTINGER, LT. SEGADELLI, PAISLEY HOLMES, and SANDI FRELLY,<br><br>               Defendants. | Case No. 1:22-cv-00052-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

      Earlier in this matter, the Court severed some of Plaintiff Kent Williams' claims contained in his 33 amended complaints into different cases for ease of administration. The Court included a "Master Screening Matrix" in the Order at Docket 93 to avoid confusion. The only remaining claim in this case is in the Third Amendment Complaint at Docket 88-5. The Court now addresses Defendant's *Martinez* Report (Dkt. 101) and Plaintiff's pending motions.

## REVIEW OF *MARTINEZ* REPORT

      Plaintiff asserts that the institutional mail system violates his right to keep his communications confidential when he wants *to mail* a letter to his attorney and *keep a copy*

MEMORANDUM DECISION AND ORDER - 1

of it. Specifically, he does not want the prison copy clerk to return the copy via institutional mail because staff and inmates may read it. Plaintiff alleges the following problems that arise when copies of attorney-client privileged letters he drafted for mailing are returned to him in a non-confidential way: "The legal documents are exposed to many different security staff all throughout the prison," and, "[m]ost critical, the documents are reasonably subjected to be given to the wrong inmate." Dkt. 88-5 at 9. "Inmates have a right not to have their legal papers read by unregulated "security staff and given to other inmates." *Id.* at 10.

The Sixth Amendment protects an inmate's right to confidential communication with his attorney in criminal matters, *Nordstrom v. Ryan*, 762 F.3d 903, 909 (9th Cir. 2014), and in civil matters. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210-11 (9th Cir. 2017). Prison officials are prohibited from reading "properly-marked attorney-client correspondence," *Nordstrom*, 762 F.3d at 910, because to permit them to do so would impair the Sixth Amendment right of a prisoner to "confide in his lawyer such things as incriminating or intimate personal information." *Id*. at 906. Prison officials are entitled only to *scan* or *inspect* attorney-client privileged letters for "contraband, escape plans, and other mischief that could jeopardize institutional security." *Id*.

The *Martinez* report provides the following information found in the IDOC Standard Operating Procedure (SOP) 402.02.01.001, Mail Handling in Correctional Facilities, and in SOP 405.02.01.001, Access to Courts. *See* Dkts. 101-2 and 101-3. Under these policies, any communication written directly to an inmate's attorney must be presented to prison staff in a sealed envelope. Prison paralegals make an entry on the outgoing legal mail log

MEMORANDUM DECISION AND ORDER - 2

and then forward the sealed letter to the mailroom for postage and mail. The privileged mail remains sealed during this process. *See* Dkt. 101 at 3-4.

An inmate has two choices: he may keep his attorney-client privileged mail confidential by presenting it in a sealed envelope for logging and mailing, *or* he may choose to waive that privilege and present it to prison staff to copy it, mail the original, and return the copy to Plaintiff via institutional mail. There is no provision in the Constitution to support Plaintiff's assertion that an inmate can request a copy of a confidential letter be made by a staff member (which means it is no longer confidential) and then demand that it be returned to him in a confidential manner. Inmates may (1) submit attorney-client privileged letters unsealed to IDOC staff for copying and return of a copy via institutional mail; (2) make a handwritten copy of the letter to keep in the inmate's cell; and/or (3) in the letter, ask the attorney to make a copy of the letter and return it to the inmate in a sealed envelope marked "attorney-client privileged."

The Court concludes that the prison policies are sufficient to protect an inmate's rights and interests in keeping attorney-client privileged mail confidential by directing inmates to submit outgoing letters sealed. The policies also permit an inmate to waive that privilege, if he desires, by requesting that his outgoing letters be copied. Therefore, the sole remaining claim in this action will be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Appoint Counsel (Dkt. 104) is DENIED. This case had only one claim left, and, after considering the briefing, the Court concludes that

appointment of counsel would not aid in the decisionmaking. Further, Plaintiff must ask for appointment of counsel in each separate open case in which he believes he qualifies for appointment, not in this case from which the newer cases were severed.

2. Upon further screening of the remaining claim, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted, and this case will be dismissed with prejudice.

3. Plaintiff's Motion for Extension of Time to Submit an Authorized Supplemental Complaint (Dkt. 94) is DENIED as moot.

4. Plaintiff's Motion for Clarification on Amended Complaint (Dkt. 104) is DENIED without prejudice. Plaintiff must ask for clarification in each separate open case, if appropriate. However, he must not ask the Court for legal advice.

5. Plaintiff's Motion to Amend Complaint (Dkt. 106) and Plaintiff's Request for Permission to File Motion to Amend Complaint and for Emergency Injunctive Motion (Dkt. 107) are DENIED. This case is being closed; this case is now three years old; and Plaintiff previously had five opportunities to amend.

6. Plaintiff's Motion for Sanctions against Defendants (Dkt. 110) is DENIED. This Motion is beyond the scope of the narrow claim left in this case. It also violates the Order at Docket 93, which ordered Plaintiff to file nothing except a response to the Martinez report. *See* Dkt. 93 at 22. If Plaintiff can meet the standard in *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002), to state an access to courts claims for the late or nonarrival of litigation documents, he may submit a

new complaint with a new in forma pauperis application, to be filed under a new case number.

7. Defendant's Motion for Extension of Time (Dkt. 111) is MOOT, as the Motion for Sanctions has been denied.

8. This case will now be formally closed, and Plaintiff may file a notice of appeal on any issues addressed in this case, not to include issues being litigated in open severed cases.

9. No further motions for reconsideration, clarification, amendment, emergency injunctive relief, or any other reason may be filed in this case. If Plaintiff desires appointment of counsel for his appeal, he must file a motion in the court of appeals.

DATED: May 21, 2025

_____
David C. Nye
Chief U.S. District Court Judge